**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-1720**

———————

ELISE M. O'GRADY,

Plaintiff - Appellant,

versus

ZURICH HOLDING COMPANY OF AMERICA; ZURICH
AMERICAN INSURANCE COMPANY; FARMERS INSURANCE
GROUP,

Defendants - Appellees.

———————

**No. 04-1939**

———————

ELISE M. O'GRADY,

Plaintiff - Appellant,

versus

ZURICH HOLDING COMPANY OF AMERICA; ZURICH
AMERICAN INSURANCE COMPANY; FARMERS INSURANCE
GROUP,

Defendants - Appellees.

———————

Appeals from the United States District Court for the District of
Maryland, at Baltimore. Marvin J. Garbis, Senior District Judge.
(CA-03-2116-MJG)

Submitted:  December 10, 2004        Decided:  January 28, 2005

Before MICHAEL, GREGORY, and DUNCAN, Circuit Judges.

No. 04-1720, affirmed; No. 04-1939, affirmed in part and vacated in part by unpublished per curiam opinion.

Elise M. O'Grady, Appellant Pro Se.  Anthony Walter Kraus, MILES & STOCKBRIDGE, P.C., Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In these consolidated appeals, Elise M. O'Grady appeals the district court's orders (1) entering judgment in favor of Zurich Holding Company of America, Zurich American Insurance Company, and Farmers Insurance Group ("Defendants") on her claims of disability discrimination and retaliation under the Americans with Disabilities Act (No. 04-1720); (2) denying her motion filed under Fed. R. Civ. P. 59(e) (No. 04-1939); and (3) denying her motion filed under Fed. R. App. P. 4(a)(5), in which she sought an extension of time to appeal from the summary judgment order (No. 04-1939). We affirm in part and vacate in part.

We first address the propriety of the district court's order finding that O'Grady failed to demonstrate excusable neglect warranting an extension of the appeal period. Parties in a civil action in which the United States is not a party have thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5). This appeal period is "mandatory and jurisdictional." Browder v. Dir, Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

Here, the district court entered its judgment in favor of Defendants on April 28, 2004. O'Grady timely filed her Rule 59(e) motion on May 12, 2004, the tenth day after entry of judgment. See

Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 6(a). O'Grady's timely Rule 59(e) motion tolled the appeal period until the district court disposed of the motion on July 12, 2004, <u>see</u> Fed. R. App. P. 4(a)(4)(A)(iv), and the premature notice of appeal she filed became effective on that date. <u>See</u> Fed. R. App. P. 4(a)(4)(B)(i). Because we conclude that the notice of appeal was timely filed, we vacate the district court's order denying O'Grady's request for an extension of time to appeal.

Having concluded that we have jurisdiction over the district court's order entering judgment in favor of Defendants, we have reviewed the record and find no reversible error. We therefore affirm for the reasons stated by the district court. <u>See</u> <u>O'Grady v. Zurich Holding Co. of Am.</u>, No. CA-03-2116-MJG (D. Md. Apr. 28, 2004). Nor do we find any abuse of discretion in the district court's denial of O'Grady's Rule 59(e) motion. <u>See</u> <u>United States ex rel. Becker v. Westinghouse Savannah River Co.</u>, 305 F.3d 284, 290 (4th Cir. 2002) (stating standard of review), <u>cert. denied</u>, 538 U.S. 1012 (2003). Accordingly, we affirm the denial of Rule 59(e) relief for the reasons stated by the district court. <u>See</u> <u>O'Grady v. Zurich Holding Co. of Am.</u>, No. CA-03-2116-MJG (D. Md. July 12, 2004). We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

No. 04-1720, <u>AFFIRMED</u>
No. 04-1939, <u>AFFIRMED IN PART AND</u>
<u>VACATED IN PART</u>